**Manuel TALE–LOPEZ, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**Paulino Tale–Chocho, Petitioner,**

v.

**Alberto R. Gonzales, Attorney General, Respondent.**

**Nos. 05–74897, 05–74927.**

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 6, 2006.*

Filed Nov. 14, 2006.

* The panel unanimously finds this case suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

John Sarmiento, Esq., San Francisco, CA, for Petitioners.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Mark L. Gross, Esq., U.S. Department of Justice, Civil Rights Division/Appellate Section, Cristina Gamondi, U.S. Department of Justice, Washington, DC, for Respondent.

Before: LEAVY, GOULD, and CLIFTON, Circuit Judges.

### MEMORANDUM **

Manuel Tale–Lopez and Paulino Tale–Chocho, natives and citizens of Guatemala, petition for review of the Board of Immigration Appeals' order affirming, without opinion, an immigration judge's ("IJ") order denying their applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Lim v. INS*, 224 F.3d 929, 933 (9th Cir.2000), and deny the petitions for review.

■ Tale–Lopez testified that he was stopped while walking to work in August 2002 by a group of about 30 armed men who threatened that Tale–Lopez must join them or die. Tale–Lopez also testified that he never saw the men again. Contrary to Tale–Lopez's contentions, the evidence does not compel the conclusion that this incident rose the level of persecution, *see id.* at 936–37, or that Tale–Lopez's fear of returning to Guatemala is objectively reasonable, *see Rodriguez–Rivera v. U.S. Dep't of Immigration and Naturalization*, 848 F.2d 998, 1006 (9th Cir.1988). Because Tale–Lopez failed to establish eligibility for asylum, he necessarily failed to meet the higher burden for withholding of removal. *See id.* at 1007.

■ Tale–Chocho testified that in early 2002 members of a criminal gang warned Tale–Chocho to stop seeing his girlfriend and threatened there would be consequences if he did not join the gang. Contrary to Tale–Lopez's contention, neither his testimony nor any other evidence in the record compels the conclusion that he was or would be targeted on account of a statutorily protected ground. *See Ochoa v. Gonzales*, 406 F.3d 1166, 1170–72 (9th Cir.2005). Consequently, substantial evidence supports the IJ's determination that Tale–Chocho is not eligible for asylum or withholding of removal. *Id.* at 1172.

The IJ properly denied Tale–Lopez and Tale–Chocho CAT relief because they failed to present evidence that it is more likely than not that they would be tortured by Guatemalan officials or anyone acting with their acquiescence. *See* 8 C.F.R. § 1208.16(c)(2).

**PETITIONS FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.